J. A. Granberry, Adm'r, v. J. M. Frierson.

JAMES M. GRANBERRY, Administrator, v. JAMES M.
FRIERSON.

1. CONTRACT EXECUTORY. *Failure to receive the property by vendee.
   Right of vendor to re-sell or rescind.* Where the time of deliv-
   ery in the sale of cotton was not fixed. Held, if the owner
   gave the purchaser notice of his readiness to deliver the cotton,
   and he failed to receive it, after a reasonable time he may give
   notice and re-sell at the purchaser's risk, or treat the contract
   as rescinded.
2. SAME. *Re-sale without proper cause. Damages.* If the sale be
   made under circumstances as will not authorize the owner to
   regard the contract as rescinded, and for a better price, in an
   action for damages the purchaser will be entitled to the differ-
   ence between the agreed price and that received, less the rea-
   sonable cost and expenses of the re-sale.
3. CHARGE OF COURT. *Error to re-call the jury and re-charge without
   their request or that of counsel.* It was error to recall the jury
   and repeat to it a portion of the charge, the jury not asking and
   the defendant objecting to it.
   Case cited: Swaggerty v. Caton, 1 Heis., 202.

FROM SMITH.

TURNEY, J., delivered the opinion of the Court.

If the defendant agreed to sell and the plaintiff
to buy the cotton, but the time of delivery was not
fixed, the defendant would then have the right to
notify the plaintiff to pay the price and receive the
cotton, and if the plaintiff failed to do so in a rea-
sonable time, the defendant might, at his election, give
the plaintiff notice and re-sell the cotton at his risk,
or treat the contract as rescinded by the assent of

J. A. Granberry, Adm'r, *v.* J. M. Frierson.

the plaintiff, implied from his failure to execute his part.

If the circumstances were such as not to authorize the defendant to regard the contract as rescinded, but she nevertheless re-sold the cotton for a better price than that contracted to be given by the plaintiff, in an action therefor the measure of the plaintiff's damages would be the difference between the agreed price and that received by the defendant, less the reasonable costs and expenses of the re-sale. We observe no other material error in the charge.

It was error to recall the jury and repeat to it a portion of the charge, the jury not asking and the defendant objecting to it. This case falls strictly within the rule in *Swaggerty* v. *Caton*, 1 Heis., 202.

Reverse the judgment.