Duane & Co. *v.* Garretson.

DUANE & CO. *v.* GARRETSON.

(*Knoxville.* November 10, 1900.)

CHARGE OF COURT. *Court's refusal to give explanation of, on jury's request.*

It is reversible error in a civil case for the Court, on complaint of the jury that they cannot read his written charge, or that they do not understand his oral charge, to refuse their request for assistance and explanation, and to send them back to determine the case without adequate knowledge of the law applicable to the case, or reasonable opportunity to acquire such knowledge.

### FROM CARTER.

Appeal in error from Circuit of Carter County. H. T. CAMPBELL, J.

CURTIN & HAYNES for Duane & Co.

SIMERLY & ALLEN and KIRKPATRICK, WILLIAMS & BOWMAN for Garretson.

WILKES, J. This is an action for damages for personal injuries. There was a trial before a jury in the Court below, and verdict for $2,500. On motion for a new trial, $1,000 of this amount was remitted, and judgment was rendered for

$1,500 and costs, and the defendants, Duane & Co., have appealed and assigned errors.

There was a demurrer in the Court below upon the ground that the averments of the declaration were not sufficiently explicit as to how the injury occurred and what caused it. This was overruled, and this is assigned as error.

We are of opinion there is no error in the action of the Court below upon this feature of the case.

There are six other errors assigned. In the view we have taken of the proceedings, it is only necessary to notice one.

The bill of exceptions states that "after the jury retired to consider of their verdict, they returned and asked the Court to explain that part of his charge not in writing, saying they did not understand it. The Court replied that all the charge was written, whereupon the jury said they could not read the Court's charge, and the Court remarked, "I am not surprised at that. Retire, gentlemen, and consider of your verdict."

This action of the Court is assigned as error, and we think the assignment well made.

The charge of the Court was in writing. So far as the record shows, there was no request that it be reduced to writing. We do not think this was material for the purposes now under consideration. It was evident, from the statement made by the jury, that the charge was delivered

to them, and that they could not read it (presumably from the fact that the jury could not decipher the learned Judge's handwriting). It was also evident that they did not understand the charge and believed it incomplete as given to them in writing.

While there was no express request that it be read to them or again delivered, the statement made by the jury was equivalent to a request, and clearly indicated the necessity for instructions. It was the duty of the Court, under these circumstances, to have read the charge to the jury or given them such instructions as would aid them in knowing what they were. To send them back without aid or instruction, under these circumstances, was to leave them entirely at sea as to the law of the case and virtually submitting the case to them without a charge, or, perhaps worse, with a charge which they did not understand.

Without examining the many errors assigned, we think this fatal to the proceeding in the Court below, and the judgment is reversed and cause remanded for a new trial. The appellee will pay costs of appeal.