SILLOUS D. LEACH, Proponent, v. CARL LEACH, Contestant.—376 S. W. (2d) 739.

Easter Section. December 12, 1963.

Certiorari Denied by Supreme Court March 5, 1964.

Boyd Mason, Tazewell, for proponent (plaintiff in error).

G. Howard Nevils and W. G. Harrell, Jr., Tazewell, for contestant (defendant in error).

S. J. MILLIGAN, Special Judge. This case involves a will contest and was tried in the Circuit Court for Claiborne County, Tennessee, to a jury who found against the will. Sillous Leach was the proponent of a document alleged to be the Will of his deceased mother, Susan B. Leach, and his brother, Carl Leach, was the contestant. A motion for new trial was filed and overruled and an appeal was perfected to this Court.

Susan B. Leach, a widow since 1940, died in Claiborne County, Tennessee on October 2, 1961, leaving surviving her six children, which included the proponent and the contestant herein.

On October 26, 1961 the contestant, Carl Leach, was appointed Administrator of the Estate of his mother, and letters of administration were issued to him, and on December 27, 1961 a document purporting to be the Last Will and Testament of Susan B. Leach was offered for probate to the Probate Court of Claiborne County, Tennessee and was there probated and letters testamentary were issued to Sillous Leach as Executor, and on March 8, 1962 this contest was instituted in the Probate Court of said County by Carl Leach; answer was duly filed, whereupon the case was transferred to the Circuit Court of Claiborne County and was tried at the November, 1962 term.

The only issue submitted to the jury was whether or not the signature on the instrument offered for probate was actually the signature of Susan B. Leach.

The proponent has assigned four errors, the first being that the Court erred in allowing a jury, the second and third being directed to the admission in evidence of certain exhibits and the fourth being that the Court erred in overruling proponent's motion for a new trial on every ground thereof.

None of the assignments complies with the rules of this Court. Rule 11(2) provides that assignments of error shall contain ''A statement of the errors of fact or law relied upon to reverse or modify the same, showing specifically wherein the act complained of is erroneous, and how it prejudiced the rights of the appellant, or plaintiff

in error * * *." Oliver v. Marbut, 22 Tenn. App. 405, 123 S. W. (2d) 859.

Notwithstanding the failure of the proponent to comply strictly with the rules, we have given consideration to each of the assignments of error.

The first assignment is that the Court erred in allowing a jury. This is evidently predicated on the third ground of the motion for a new trial wherein it was said that a jury was neither asked for in the pleadings nor demanded upon the docket the first day of Court.

■ The Court in overruling proponent's motion for a new trial filed a Memorandum Opinion which was made a part of the record. In it it appears that a jury was demanded by the contestant on the first day of the term, and counsel announced that an order would be entered on the second day of the term; whereupon the Court instructed the jurors to return for jury duty. No objection was made by counsel for the proponent. The order was duly entered on the second day of the term without objection. The case was heard on November 20, 1962, being a Tuesday and the second day of the term, a jury having been impaneled; the pleadings were read, witnesses were called and examined by both sides, and it was not until after a verdict adverse to the proponent was returned that any question was made as to the trial by jury. We are therefore of the opinion that the proponent has waived his right to object. Furthermore, we are of the opinion that it was harmless error and the statute, Tennessee Code Annotated, sec. 27-117, is applicable. Furthermore, Rule 11 of this Court, Subsection (4), is applicable, it being as follows:

"(4) No· assignment of error in any case brought· to this court for review can be predicated upon any alleged error of the trial court consisting of an omission or affirmative action in the organization of the court or jury, or for any defect in the pleadings, or for any mistake, irregularity or error in the conduct of the case, unless it affirmatively appears in the record that the omission, action, defect, or error was seasonably called to the attention of the trial judge and ruled on adversely to the party complaining, otherwise same will be treated as having been waived, or cured in the trial court."

The second assignment is that the Court erred in allowing the admission of Exhibit 2, which is the Claiborne County Insurance Company's application blank with the name of Susan Leach on it. This exhibit was identified and introduced as Exhibit 2 to the testimony of Carl Leach, and no objection was made thereto at the time it was introduced. The document was exhibited to other witnesses, and they were questioned concerning the signature thereon and were cross-examined by counsel for the proponent. Thereupon counsel for the proponent objected to the introduction of the exhibit, and the Court properly held that any objection to the introduction of the exhibit had been waived.

The third assignment is that the Court erred in admitting Exhibit 3 from the Agricultural Stabilization and Conservation Services office over objection of counsel. This document was produced by a clerk of said Services in response to a subpoena to bring with him records from his office bearing the name of Susan Leach. Counsel for the plaintiff stated:

"MR. MASON: May it please the Court, I don't believe you can subpoena Federal records over here.

"MR. HARRELL: We have subpoenaed them, they are here."

The Court then said:

"COURT: * * * They are proper procedures that you can bring them into Court, but I believe that this is just the record of the Federal Agency, and I believe I'll overrule your objections.

"MR. MASON: For the sake of the record I want to note my exceptions, Your Honor."

▉ No valid objection was interposed to the introduction of this exhibit, and it is not shown in what manner, if any, the plaintiff was prejudiced.

The fourth assignment of error is: "The Honorable Court erred in overruling proponent's motion for a new trial on every assignment in the motion."

▉ This is a blanket assignment and cannot be considered by this Court.

See Lasater Lumber Co. v. Harding, 28 Tenn. App. 296, 189 S. W. (2d) 583; also Scott v. Atkins, 44 Tenn. App. 353, 314 S. W. (2d) 52.

▉ The motion contains four grounds. The first is that the evidence preponderates against the verdict. This presents no question that could be considered by the Court of Appeals as this Court is not permitted to weigh

the evidence. Sullivan v. Crabtree, 36 Tenn. App. 469, 258 S. W. (2d) 782.

■ In the opinion in Scott v. Atkins, supra, the following appears:

" 'The same rules apply as to the scope of review in will contests as in other cases at law. The court of appeals will consider only whether there is any material evidence to support the verdict and judgment of the Trial Court.' Phillips' Pritchard on Wills and Adm. of Estates, Vol. 1, p. 345, Sec. 377''.

We find that there was substantial evidence to sustain the verdict of the jury. Carl Leach, a son of Susan Leach, was positive that the signature on the purported will was not that of his mother. Wade Ausmus, a disinterested witness, testified that the signature was not that of Susan Leach. Other witnesses testified that they had seen her sign her name at different times, but had never seen her print her name, the signature on the document in question being printed. There was evidence to the contrary; however, there can be no question but that there was substantial evidence to sustain the verdict of the jury.

■ The second ground of the motion is in reference to newly discovered evidence. We concur in the finding of the Trial Court that the alleged newly discovered evidence referred to would be merely cumulative.

We have discussed the third ground of the motion in reference to the jury.

■ The fourth ground of the motion is in reference to an offer of a juror to impeach his verdict by affidavit. Such a practice cannot be permitted.

■ A juror will not be permitted to impeach his verdict by saying after the trial what did or did not influence him. Meegal v. Memphis Street Ry. Co., 33 Tenn. App. 247, 238 S. W. (2d) 519, 20 A. L. R. (2d) 286.

It results that each and all of proponent's assignments of error are overruled and the judgment of the Trial Court is affirmed. The costs will be taxed against the proponent and the sureties on his cost and appeal bonds.

McAmis, P.J., and Cooper, J., concur.