GORDON MCGEE,                                 )
                                              )
        Plaintiff/Appellee,                   )
                                              )        **Rutherford Chancery**
VS.                                           )        **No. 89CV000083**
                                              )
CARL PIPPIN and wife, HELEN PIPPIN, )
DAVID ATKINS, HARDAWAY                        )        **Appeal No.**
CONSTRUCTION COMPANY, and                     )        **01-A-01-9706-CH-00289**
C & G WHOLESALE LUMBER &                      )
SUPPLY, INC.,                                 )
                                              )
        Defendants/Appellants,                )


### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE


### APPEAL FROM RUTHERFORD CHANCERY COURT
### AT MURFREESBORO, TENNESSEE


### HONORABLE ROBERT E. CORLEW III, CHANCELLOR


W. H. Stephenson, II
346 21st Avenue North
Nashville, TN 37203
ATTORNEY FOR PLAINTIFF/APPELLEE


Quentin Scott Horton
201 West Main Street
McMinnville, TN 37110
 ATTORNEY FOR DEFENDANTS/APPELLANTS


### MODIFIED AND AFFIRMED IN PART,
### REVERSED AND VACATED IN PART,
### REMANDED.


                                    HENRY F. TODD
                                    PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

BEN H. CANTRELL, JUDGE

WILLIAM C. KOCH, JR., JUDGE

GORDON MCGEE,                          )
                                       )
    Plaintiff/Appellee,                )
                                       )     **Rutherford Chancery**
VS.                                    )     **No. 89CV000083**
                                       )
CARL PIPPIN and wife, HELEN PIPPIN, )
DAVID ATKINS, HARDAWAY                 )     **Appeal No.**
CONSTRUCTION COMPANY, and              )     **01-A-01-9706-CH-00289**
C & G WHOLESALE LUMBER &                )
SUPPLY, INC.,                          )
                                       )
    Defendants/Appellants,             )

**O P I N I O N**

**FILED**

**January 30, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

This is a suit by a stockholder of an insolvent corporation, against another stockholder, his wife and an employee, seeking judgment against them for dissipation of assets of the corporation, recovery of money due from debtors of the corporation and liquidation of the corporation for the benefit of creditors. Although not designated such in the complaint, the suit appears to be a suit for a receivership. Matter of Liquidation of United American Bank in Knoxville. Tenn. 1987, 743 S.W.2d 911.

Defendants, Carl Pippin and his wife, Helen Pippin, have appealed from a non jury judgment of the Trial Court awarding the corporation $179,474.78, plus pre-judgment interest from September 12, 1995.

Appellants' present the following issues for review:

> I.      The Order is contrary to the law and evidence.

> II.     The Court erred in finding as a "badge of fraud" the disappearance of more than $100,000.00 worth of lumber from the premises of Hendersonville Building Supply as the evidence presented explained the disappearance and it was not controverted.

> III.    The Court erred in finding Mr. Pippin failed to pursue the issue of theft. On the contrary, the proof was

uncontradicted that this investigation failed to demonstrate the existence of fraud or crimes.

IV. The Court erred in finding a "badge of fraud" to the Smoot's Flowers incident. This matter involved a figure of substantially less than the award, and to infer that this transaction would infer fraud as it relates to the case in its totality is unwarranted.

V. The Court erred in rendering a judgment against Mrs. Pippin through concepts of alleged vicarious liability. The proof demonstrated that Mrs. Pippin was in no way connected either actively or passively with the transaction involving the Hendersonville Lumber incident. To infer knowledge on her part is unwarranted as the record is void of such knowledge or implication.

VI. The Court erred in rendering a judgment against Mrs. Pippin through concepts of alleged vicarious liability in any other respects.

VII. The Court erred in finding that Mr. Pippin mismanaged the corporation as this is not a ground for liability.

VIII. The Court, as the trier of fact, erred in rendering a judgment based upon the evidentiary summaries of respective counsel.

IX. Appellants' defenses were unduly prejudiced and were thereby denied due process by the lengthy, protracted and interrupted progression of the trial and ultimate Order.

X. The Court erred in setting aside the judgment by default that was entered against the Appellees.

XI. The Court erred in its assessment of pre-judgment interest.

XII. The Court erred in awarding pre-judgment interest as of September 12, 1995.

XIII. The Court erred in all of its inferences of fraud attributable to Defendants with regard to the enormous judgment when in fact the small transactions that were admitted as mistakes through inadvertence were insignificant in comparison.

XIV. The Court erred in it's finding that Mrs. Pippin, "had to know the misdealing of Mr. Pippin" as the record is void of any evidence to justify such a determination.

XV. The Court erred in that the amount of the award was excessive.

The first issue is too general for consideration by this Court. *State v. Nolan*, 161 Tenn. 293, 30 S.W.2d 601 (1930); *State v. Tenn. Coal, Iron & R. Co.*, 94 Tenn. 295, 29 S.W. 116 (1895); *Leach v. Leach*, 52 Tenn. App. 606, 376 S.W.2d 739 (1964).

In August 1987, the plaintiff, Gordon R. McGee and the defendant, Carl Pippin, organized the defendant, C & G Wholesale Lumber and Supply, Inc. Each owned one-half of the corporate stock. Defendant Pippin became the active supervisor of the operations of the corporation and his wife, Helen Pippin became the bookkeeper of the corporation.

On February 10, 1989, Mr. McGee filed this suit against Mr. and Mrs. Pippin, David Atkins, Hardaway Construction Company and C & G Wholesale Lumber & Supply, Inc. The complaint alleged:

> 1.  C & G Wholesale Lumber and Supply, Inc. was insolvent and should be liquidated and dissolved.
>
> 2.  Carl Pippin had committed fraud upon plaintiff and the creditors of C & G by:
>
>> a.  Paying personal debts with corporate funds.
>> b.  Removing corporate assets.
>> c.  Converting funds of the corporation.
>> d.  Preferring certain creditors.
>> e.  Failing to protect corporate assets in the possession of the defendant, David Atkins.
>
> 3.  Plaintiff had loaned the corporation $20,000.00.
>
> 4.  Defendant, Mrs. Pippin negligently kept the corporate books and conspired with Mr. Pippin and David Atkins.
>
> 5.  Defendant, Hardaway Construction Company owed C & G approximately $55,000.00.

The complaint sought the following relief:

> 2.  That upon a hearing on the merits, this Court appoint an accountant-receiver or some other individual to

begin dissolution of C & G Wholesale Lumber & Supply, Inc. and that a full and complete accounting be made as to the status of accounts payable and receivable and the other assets of C & G Wholesale Lumber & Supply, Inc.

3. That due to the fraudulent acts of Carl Pippin as alleged in the Complaint, and as to Helen Pippin also, that a restraining order should issue against them restraining them from representing to any other parties that they are agents of said corporation and that they should be restrained from incurring any other obligations in behalf of said corporation and that they should cease any and all activities of conducting any further business for and in behalf of said C & G Wholesale Lumber & Supply, Inc. Further, that Carl A. Pippin should be restrained from collecting any other accounts receivable of said corporation or taking any other action which might harm or hinder the creditors of said corporation.

4. That a restraining order should issue to Hardaway Construction Company restraining them from paying any sums of money owed by them to C & G Wholesale Lumber & Supply and anyone other than the Clerk & Master of the Chancery Court of Rutherford County, TN.

5. That after an accounting is conducted, the Court determine the rights of the various creditors of C & G Wholesale Lumber & Supply.

6. That upon a hearing on the merits, this Court award a judgment in behalf of the Plaintiff against Carl Pippin, Helen Pippin, and David Atkins in such sums as this Court may determine by virtue of the conduct of these Defendants in harming Gordon McGee.

Hardaway answered, admitting a debt to C & G for lumber, but asserting that C & G should release its materialman's lien as a condition of payment.

On April 3, 1989, the Trial Court entered an agreed order that, after resolution of lien issue, Hardaway pay to the Clerk and Master any funds due C & G, that the Clerk and Master was appointed receiver for C & G, that all records of C & G be delivered to the Clerk and Master and that Mr. McGee, Mr. Pippin and Mrs. Pippin be restrained from conducting any business of C & G.

On May 8, 1989, Mr. & Mrs. Pippin answered admitting that C & G was insolvent and should be dissolved, admitting that lumber and other assets were stored under the control of

David Atkins who misappropriated said lumber and assets, but denying any misconduct of Mr. or Mrs. Pippin.

On May 23, 1990, an agreed order was entered authorizing the sale of remaining assets of C & G to plaintiff for $1,500.00.

On August 14, 1990, after a hearing, the Trial Court entered an order requiring Hardaway to pay $39,564.24 to the Clerk and Master and authorizing the Clerk and Master to satisfy a judgment of the Chancery Court of Gibson County out of said funds.

On September 21, 1990, the defendant, David Atkins answered denying any conversion of assets of C & G, or conspiracy to defraud plaintiff, and claiming the benefit of a discharge in bankruptcy.

On September 26, 1990, plaintiff filed a supplemental complaint naming three creditors of C & G which should participate in the proceeds of the liquidation of C & G.

On January 22, 1991, Pippin and wife amended their answer to plead the statute of limitations, T.C.A. § 48-18-601.

On March 28, 1991, plaintiff nonsuited his action against David Atkins.

On July 7, 1993, the Trial Court dismissed Carl and Helen Pippin for failure of plaintiff to appear for trial.

On August 13, 1995, the July 7, 1993 order was set aside.

On October 12, 1995, the Pippins filed notice of appeal from the letter of the Trial Judge and resulting order.

On May 16, 1996, the Trial Court entered judgment against Mr. & Mrs. Pippin as follows:

The Court finds that the Plaintiff, Gordon McGee, is entitled to recover the following:

1. $100,000.00 -- The minimum amount which Defendant Carl Pippin, reported to Hendersonville Police was missing from the corporation.

2. $92.28 -- Personal expenses paid by the corporation for Defendants, Carl and Helen Pippin, illustrated by Trial Exhibit 16.

3. $347.00 -- Payment to tax preparer for the corporation for preparation of the personal taxes of Defendants, Carl and Helen Pippin.

4. $129.36 -- Per Trial Exhibit 4, including personal expenses paid by the corporation.

5. $79.26 -- Representing funds overcharged to the corporation for a meal, and related gasoline expenses, not adequately explained.

6. $20.81 -- Purchase of beer shown by Trial Exhibit 38.

7. $1,300.00 -- Checks No. 299, 350, 389, and 444 all made payable to Defendant, Helen Pippin, and signed by either Defendants, Carl and Helen Pippin, posted either to freight, outside labor, or inventory, and explained by Defendants' salary, and explained by Defendant, Helen Pippin, as reimbursement of expenses. (Sic)

8. $2,839.26 -- Defendant's Carl Pippin, transaction with Hendersonville Building Supply, which appears to the Court to have been a transaction with the corporation.

9. $952.46 -- The Smoot's Flowers transactions.

10. $500.00 -- Representing the sum which the Court finds to be the depreciated value of the cellular telephone which Defendant, Carl Pippin, kept for the corporation, the whereabouts of he (sic) was unable adequately to explain.

In recognition of the testimony concerning the substantial debt of the corporation, it appears appropriate for

the Court to recognize that the entire sum of $106,260.43 should be awarded to the corporation. The Court finds that these sums were fraudulently taken from the corporation by Defendant, Carl Pippin, or Defendant, Helen Pippin, and with the knowledge of both parties.

The Court further finds that pre-judgment interest should enter with regard to the $100,000, due to the unusual circumstances surrounding the disappearance of the lumber, and also for the $952.46, involved in the Smoot's Flowers incident. The offense report was filed with police in Hendersonville on June 7, 1988. Pre-judgment interest from that date, then, is $72,500. Pre-judgment interest on the Smoot's Flowers money is $714.35, calculating pre-judgment interest from March 8, 1988.

All interest calculations are made through September 12, 1995, the date of the Chancellor's opinion.

Included in this Order by Reference and marked as Exhibit "A" and attached is the letter written by Judge Robert E. Corlew, III, dated September 12, 1995 to B. G. Marks, Quinton F. Horton, and W. H. Stephenson, II, RE: Gordon R. McGee v. Carl and Helen Pippin, Rutherford Chancery No. 89CV000083.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court as follows:

The corporation is hereby awarded judgment against the Defendants, Carl and Helen Pippin, in the sum of $179,474.78, plus pre-judgment interest from September 12, 1995 to date, along with costs.

On November 12, 1996, the Trial Court overruled the motion of the Pippins for a new trial.

On February 6, 1997, the Pippins' moved the Trial Court to extend the time for filing a transcript.

On April 7, 1997, the Trial Court entered an order extending the time for filing the transcript to May 1, 1997.

On May 1, 1997, the Trial Court entered an order extending the time for filing the transcript to May 8, 1997.

On May 9, 1997, the Trial Court extended the time for filing the transcript to May 15.

The transcript was filed May 15, 1997.

TRAP Rule 4(d) provides that a premature notice of appeal will be treated as filed on the date of filing of the final order. In the present case, the order overruling appellant's motion for new trial was entered on November 12, 1996. TRAP Rule 24(b) requires the transcript to be filed within 90 days after notice of appeal is filed. Thus, the last day for filing the transcript was February 10, 1997, which was a Saturday which would extend the time to February 12, 1997. The transcript was not filed until May 8, 1997.

No authority is cited or found which authorizes a Trial Court to waive or grant extensions of the time for filing transcripts.

TRAP Rule 2 authorizes this Court to waive, TRAP Rules (except for notice of appeal), but there is no record of any application to this Court for extension of time for filing the transcript.

In this state of affairs, the transcript is not a competent part of the record on appeal.

This Court has reluctantly determined that TRAP Rule 24(b) should be waived in the interests of justice. This action is by no means an indication that such indulgence will ever occur again.

The judgment of the Trial Court is ambiguous in that it first awards damages to the plaintiff, Gordon McGee, but thereafter states that the recovery was awarded to the defendant corporation, C & G Wholesale Supply, Inc. This Court interprets the judgment to award damages to the estate of the insolvent corporation, rather than to the individual stockholder

plaintiff, Mr. McGee, as prayed for in the complaint. It does not appear that this deviation from the complaint was called to the attention of the Trial Court, and it may therefore be assumed that the issues of the right of the corporation was tried by consent of the parties, or was a proper incident to the liquidation of the corporation..

The first four issues of the appellants' challenge the holding that they are liable to the corporation for fraud.

The word, fraud, is usually employed to indicate misrepresentation which induces another to justifiably rely thereon to his hurt. *Speaker v. Cates Co.*, Tenn. 1994, 879 S.W.2d 811; *Harrogate Corp. v. Systems Sales Corp.*, Tenn. App. 1995, 915 S.W.2d 812. Fraud is never presumed. Where it is alleged it must be clearly made out. *Hiller v. Hailey*, Tenn. App. 1995, 915 S.W.2d 800. No evidence is found in this record to justify a recovery on this ground.

The complaint apparently is grounded upon a conspiracy to convert certain property of the corporation to the private use of one or more of the alleged conspirators.

It is uncontroverted that a substantial quantity of lumber belonging to the corporation did disappear. However, it did not disappear from the premises of the corporation, but from another premises not under the control of the corporation. There is no evidence of how the lumber disappeared or who realized a benefit from its disappearance. At the insistence of plaintiff, Mr. Atkins was arrested; and, at the request of Mr. Pippin, he was released. This is not evidence of fraud or conspiracy because neither Mr. McGee nor Mr. Pippin had admissible information of the guilt of Mr. Atkins. Moreover, the action of Mr. McGee in nonsuiting his suit against Mr. Atkins detracts from any inference of guilt of Mr. Atkins.

This Court finds that there is insufficient evidence to support a judgment against anyone for the loss of the lumber.

Other lesser items have sufficient support.

The evidence shows that Mr. Pippin received $952.46 from Smoot's Flowers in payment of a debt to the corporation, and the corporation did not receive this payment.

There is evidence that Mr. Pippin received $2,839.27 from Hendersonville Lumber Co. in payment of a debt due the corporation which never received the benefit of the payment.

There is evidence that funds of the corporation were used to pay $92.28 for pet supplies for Mr. and Mrs. Pippin.

There is evidence that corporate funds paid a $347 personal debt of the Pippins to a tax specialist.

There is evidence that Mr. Pippin gave to an unknown person a cellular telephone which cost the corporation $1,108.75 in 1988. (The Trial Court valued it at $500.00 without other evidence of value.)

From the melange of indefinite and confusing evidence, this Court has been able to identify substantial evidence to support a liability of Mr. Pippin to the corporation for a total of $3,937.95.

Insufficient evidence is found to support other claims against Mr. Pippin.

There is some evidence of errors in the bookkeeping of Mrs. Pippin, but not so specific in nature or amount as to warrant a judgment against her and in favor of the estate of the corporation.

The judgment in favor of the corporation and against Carl Pippin is modified by reducing it to $3,937.95. As modified, this judgment is affirmed.

-12-

The judgment against Helen Pippin is reversed and vacated. Appellate costs are taxed against Carl Pippin. The cause is remanded to the Trial Court for entry of the modified judgment and further proceedings in the liquidation of C & G Wholesale Supply, Inc.

**MODIFIED AND AFFIRMED IN PART,
REVERSED AND VACATED IN PART,
REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE