320

CLARENCE DONAHUE, Plaintiff in Error, v. MARY HOLMES GEORGE, Defendant in Error. —329 S. W. (2d) 836.

Western Section, Jackson.  July 24, 1959.

Certiorari Denied by Supreme Court September 3, 1959.

Marvin J. Brode, Memphis, for plaintiff in error.

Burch, Porter, Johnson & Brown, Memphis, for defendant in error.

CARNEY, J.   The plaintiff below, Clarence Donahue, appeals in error from a judgment based on a jury verdict in favor of the defendant below, Mary Holmes George. The suit arose out of an automobile collision which occurred on February 14, 1958, at the intersection of

Union and Willett Streets in Memphis, Tennessee, about 5:00 P. M. The plaintiff, Donahue, filed suit for personal injuries and the defendant, Mary Holmes George, filed a counter suit for personal injuries and property damage.

The cases were tried to the same jury which returned a verdict for the defendant in each case. Judgments were rendered on each of the jury verdicts.

The defendant, Mary Holmes George, has not appealed from the judgment dismissing her counter suit.

Union Avenue in Memphis, Tennessee, runs east and west and contains four traffic lanes. At 5:00 o'clock in the afternoon three of the lanes of traffic are set apart for eastbound traffic and only one or the northernmost lane is set apart for westbound traffic.

Willett Street intersects Union Avenue in a "T" from the south.

The plaintiff-in-error, Clarence Donahue, was traveling eastward along Union Avenue in the center lane for eastbound traffic. The defendant-in-error, Mary Holmes George, was traveling northward on Willett and entered Union Avenue from the south intending to turn left and westward on Union Avenue.

The plaintiff, Mr. Donahue, who is employed by the United States Government at Memphis Municipal Airport, testified that on the day in question he was traveling eastward on Union Avenue in a government automobile in the center of the three eastbond traffic lanes; that as he approached the intersection of Willett and Union at about thirty miles per hour the defendant,

Mrs. Mary Holmes George, who was proceeding northward on Willett Street, drove into Union Avenue directly in front of him and that he was too close upon her to stop. Therefore, the front of his automobile collided into the left side of Mrs. George's automobile injuring both the plaintiff and Mrs. George.

The defendant, Mrs. Mary Holmes George, testified as follows:

"That she was a resident citizen of Memphis, Shelby County, Tennessee; that she was a practical nurse; that on the afternoon of Friday, February 14, 1958, at approximately 4:40 p. m., she was driving her 1953 Plymouth coupe north on Willett Street in Memphis, Shelby County, Tennessee; that she brought her car to a stop at the intersection of Willett Street and Union Avenue in obedience to a stop sign; that there was heavy traffic in the three eastbound lanes of traffic on Union Avenue; that she waited at the intersection of Willett Street and Union Avenue while the traffic light at the intersection of Kimbrough Street and Union Avenue to the west changed twice; that when the said light at the intersection of Kimbrough Street and Union Avenue turned red for traffic proceeding east on Union Avenue and the eastbound traffic on Union Avenue, which had passed the intersection of Kimbrough Street during the preceding green light, proceeded past Willett Street, she pulled out into Union Avenue for the purpose of making a left turn into the one westbound lane of traffic on Union Avenue; that when the front of her vehicle was well across the center lane of the three lanes of traffic eastbound

on Union, her motor stalled; that she was stopped dead in the middle of Union Avenue for a considerable period of time during which she started her motor again; that when she got her motor started she was unable to complete her left turn into the east-bound lane of traffic on Union, because there was a car coming from the east in that lane; that the vehicle being driven by the plaintiff was driven into the left side of her car near the front door with *teriffic* force; that the plaintiff, Clarence Donahue, pulled away from the stop light at the intersection of Union Avenue and Kimbrough Street considerably ahead of the other vehicles stopped for said light and maintained a considerable distance in front of said vehicles from the time he left the intersection of Kimbrough until he reached the intersection of Willett; * * *''

Assignments of error Nos. I, II and III are as follows:

### I.

''There is no evidence to support the verdict.''

### II.

''The verdict of the jury is contrary to the facts of the case.''

### III.

''The verdict of the jury is contrary to the law of the case.''

Assignments of error II and III standing alone are too general to be considered as separate assignments of error. Actually they are merely amplifications of

assignment of error No. I and therefore, we consider all of these assignments together.

■ There was a direct conflict between the testimony of the plaintiff, Donahue, and the defendant, Mrs. George. These conflicts in testimony made material issues of fact which were properly submitted to the jury for its determination. The jury returned its verdict which the Trial Court approved. Hence, we feel constrained to hold that there was material evidence to support the verdicts of the jury and assignments of error I, II and III are respectfully overruled.

■ Assignment of error No. IV complains that the Trial Court erred in refusing to grant a new trial because during the jury's deliberations Juror Clark left the jury room and went into the Clerk's office to obtain coca-colas from a vending machine.

There is no suggestion that this juror was subjected to any improper influence or received any improper information of any kind or that he was motivated by any improper purpose. We are cited to no Tennessee authority holding that such conduct on the part of the juror is improper or illegal.

In Tennessee juries in civil cases are not required to be locked up or separated as in certain criminal cases. Hence, we hold that the conduct of Juror Clark was not illegal or improper. Assignment of error No. IV is therefore respectfully overruled.

By assignment of error No. V the plaintiff-in-error insists that the Trial Court should have granted him a new trial because the verdict of the jury was not the

unanimous decision of all twelve jurors. The report of the jury is shown in the record as follows:

"The Court: Gentlemen of the jury, your foreman, Mr. Morgan, has written on the jacket in the case in which Clarence Donahue is the plaintiff and Mrs. Mary Holmes George is the defendant, 'We, the jury, find for the defendant.' That is the verdict of you twelve jurors in that case?

"Juror Noland: I was a little for the plaintiff—on the other side.

"The Court: Is that your verdict, sir?

"Juror Noland: Well, I went along with them, sir.

"Mr. Brode: I am going to object if he says he went along with them.

"Juror Noland: I was for the plaintiff; I went along with them.

"The Court: Is that your verdict now?

"Juror Noland: Yes, sir.

"The Court: And in the case in which Mrs. Mary Holmes George is the plaintiff and Clarence Donahue is the defendant, 'We, the jury, find for the defendant,' is that the verdict of each of you twelve jurors in that case?

"Jury: Yes, sir.

"The Court: So say you all, gentlemen?

"Jury: Yes.

"The Court: All right, gentlemen; that concludes your services on these cases. You may be excused to report back to the big Jury Room at 9:30 a. m."

It is to be noted that there was no application for a poll of the jury as provided by T.C.A. Sec. 20-1324 and which was discussed in the recent case of Dixon Stave & Heading Co., Inc., v. Archer, 1956, 40 Tenn.App. 327, 291 S.W. (2d) 603.

■ The Trial Judge properly understood juror Noland as having agreed to the verdict in favor of the defendant somewhat reluctantly and only because of the persuasion of the other eleven jurors. There is nothing in our case law or statutory law which condemns jurors persuading or being persuaded by jurors. Regardless of who persuaded whom it clearly appears to this court that the verdict as finally rendered by the jury was the unanimous verdict of all twelve jurors and properly received and entered by His Honor the Trial Judge. Hence, assignment of error No. V is respectfully overruled.

■ Assignment of error No. VI complains that the plaintiff was entitled to a new trial because the Trial Judge failed to recharge the jury on the question of remote contributory negligence when the jury returned after some deliberation and asked for additional instructions.

The record shows that the Trial Judge in his original instructions charged the jury on the law of remote contributory negligence. The jury returned and asked a question concerning the violation of traffic laws by the plaintiff and defendant. The Trial Judge amplified portions of his former charge but did not charge on remote

contributory negligence nor was he requested so to do by counsel for either party or by any member of the jury.

The jury returned a second time for instructions with reference to contributory negligence. On this occasion the Trial Judge amplified his former charge on contributory negligence and this time charged the jury on remote contributory negligence. (Tr. p. 107)

"* * * It is not error for a court to repeat certain instructions in response to a request by a jury after it has retired. Tallent v. Fox, 24 Tenn. App. 96, 141 S. W. (2d) 485; Duane & Co. v. Garretson, 106 Tenn. 38, 58 S. W. 1063; 53 Am. Jur. 942, p. 667. Nor is it error for a court, on its own motion, to recall the jury for the purpose of correcting previous instructions. Memphis St. Railway Co. v. Bailey, 6 Tenn. Civ. App. 105; 53 Am. Jur. 941, p. 667; 64 C. J. 644, p. 734. * * *" Monday v. Millsaps, 1953, 37 Tenn. App. 371, 264 S. W. (2d) 6, 21.

Plaintiff's attorney made no objection to the action of the Trial Judge in recharging the jury nor to his failure to charge on remote contributory negligence when the jury returned the first time. Plaintiff's attorney made no request for additional instructions at any time. Under these circumstances we see no prejudice whatsoever to the plaintiff, Donahue, and this assignment of error is respectfully overruled.

All of the assignments of error having been overruled the judgment of the lower court is affirmed and the plaintiff-in-error, Clarence Donahue, taxed with the costs of this appeal.

Avery, P. J. (Western Section), and Bejach, J., concur.