# WILLIAM BURCH WILSON v. SHIRLEY SMITH PENDERGRAPH and Husband.—384 S.W.(2d) 57.

Eastern Section. May 14, 1964.

Certiorari Denied by Supreme Court September 4, 1964.

490

Michael & Michael, Sweetwater, for plaintiff in error.

Bell, Whitson, Painter & Webb, Cleveland, for defendants in error.

McAMIS, P. J. This suit arose out of an automobile collision on a four lane highway known as the Athens By-Pass when the plaintiff Wilson drove upon the Highway from a private business parkway and was struck by the Pendergraph car. A judgment, based upon a jury verdict for defendants, dismissed the suit and plaintiff has appealed.

In their brief counsel for plaintiff state that his principal contention is that the Court erred in a supplemental charge to the jury when the jurors returned to request further instructions and the following occurred:

"Juror Humberd. There is two lanes going north on that by-pass and the question is raised, does the driver of a car have the right-of-way on both lanes going north? Does it apply to the left lane as well as the right, and she would have the right-of-way?

"The Court: I think there is no question about that."

If the Court was correct in so charging unquestionably defendant, Mrs. Pendergraph, had the right-of-way under

T.C.A. sec. 59-831, requiring vehicles entering a through highway from a private road or driveway to yield the right-of-way to all vehicles approaching on the highway. Whether the statute applies where the entering vehicle must cross two lanes of a four lane highway will be considered after a brief statement of the facts.

For the purposes of this opinion the highway will be considered as running north and south. At the time of the collision there was a grocery market on the east side of the four-lane by-pass with a parkway some 50 feet in width between the store building and the east side of the highway. Just prior to the collision plaintiff was parked on the parkway parallel to the pavement headed north. He backed his car toward the building so that he could enter and cross the north bound lanes at right angles and then turn south on one of the south bound lanes.

Defendant Mrs. Pendergraph, approached from the south in the outside north-bound lane at a speed, according to her testimony, of 45 miles per hour, the posted speed at that point. Just prior to the collision she turned from the right lane either to avoid striking plaintiff's station wagon or because her car swerved to the left when she applied the brakes. In respect to changing from the outside lane to the inside, she relies upon the doctrine of sudden emergency, claiming plaintiff suddenly drove in front of her when she was about 120 feet south of the point of collision.

Plaintiff testified that after backing his car he approached the highway at right angles, stopped when about 10 feet east of the pavement and upon looking to his left saw Mrs. Pendergraph approaching from the south with her blinker indicating a right turn. She was

then about 500 feet away and he was unable to judge her speed. He then drove upon the pavement at a speed of 10 or 12 miles per hour and, if he changed speed at all, had begun to slow down to look for traffic moving south on the opposite side of the highway. When he last saw the Pendergraph car he thought it was going 65 miles per hour with the right blinker still on. The rear of plaintiff's station wagon was struck at about the middle of the north-bound inside lane. Plaintiff was thrown out and painfully injured.

In addition to charging common law negligence and excessive speed, the declaration charges a violation of T.C.A. sec. 59-843, sub-section 7 which reads:

"Drivers having once given a hand, electrical or mechanical device signal, must continue the course thus indicated, unless they alter the original signal and take care that drivers of vehicles and pedestrians have seen and are aware of the change."

By special pleas, defendants, in addition to the general defense of contributory negligence, relied upon the failure of plaintiff to yield the right of way as required by T.C.A. sec. 59-831 and set out in their pleas the statutory definitions of a highway as the entire width between boundary lines open to the public for vehicular travel, and right of way as "[t]he privilege of immediate use of the roadway." T.C.A. sec. 59-801. The pleas also rely upon T.C.A. sec. 59-843, providing:

"Signal for turns. * * * (8) Drivers receiving a signal from another driver shall keep their vehicles under complete control and shall be able to avoid an accident resulting from a misunderstanding of such signal."

■ Returning now to the principal question urged for

reversal, we think the Court was correct in charging that the right of way of vehicles moving on through highways over vehicles entering the highway from private roads or driveways applies alike to inside and outside lanes of four lane highways. In addition to facilitating the free movement of through traffic, the manifest purpose of the statute is to define the correlative rights and duties of both vehicles and by so doing reduce the danger of collision. These purposes could not be served unless the right of way extends to traffic moving on both lanes which also involves the right of such vehicles to move from one lane to the other as dictated by the necessities of travel. To hold that the right of way extends only to one lane would add confusion, disorder and uncertainty where the exact opposite was intended and, so far as we can see, for no good reason. We are cited to no authority sustaining this insistence of plaintiff and we believe none can be found.

As above shown, the statute defines "highway" as the entire width of the right of way open to vehicular traffic and gives the vehicle having the right of way "[t]he privilege of the immediate use of the roadway." So, by the terms of the statute itself both lanes are included.

The other assignments are largely interwoven with the question of right of way above considered. We think it was for the jury to determine whether plaintiff's failure to yield the right of way and his failure to keep his car under control to avoid a misunderstanding of defendant's signal of an intention to turn right constituted the proximate cause of the collision.

It is said the Court's supplemental charge had the effect of telling the jury that Mrs. Pendergraph had the right of way in both north bound lanes "without

restriction or limitation'', completely ignoring the fact that she had indicated a right hand turn and, instead, turned left into the lane where the impact occurred. The Court had previously fully charged the jury in the general charge. In stating that the right of way statute applied to both lanes, it was not necessary to repeat the limitations and qualifications imposed upon persons having the right of way set forth in the general charge, merely because the jury requested special instructions as to one particular phase of the question. Pollard v. Beene, 20 Tenn.App. 83, 95 S.W.(2d) 942.

All of the assignments having been considered and found without merit, the judgment is affirmed.

Cooper and Parrott, JJ., concur.