BELVIA PRESLEY, Appellant, v. VIRGIL AMBURN,
d/b/a Amburn's Used Cars, Appellee.

KERMIT MURR, Appellant, v. VIRGIL AMBURN,
d/b/a Amburn's Used Cars, Appellee. —461 S.W.2d 956.

Western Section. October 15, 1970.

Certiorari Denied by Supreme Court January 18, 1971.

Hubert D. Patty, Knoxville, for appellants.

George Montgomery, Knoxville, for appellee.

NEARN, J. This is an automobile collision case. Originally, this matter involved three lawsuits which were tried together in the Circuit Court of Blount County, Tennessee. Virgil J. Amburn had sued, for damages, Belvia Presley and Kermit Murr, the driver and owner respectively, of an automobile with which Amburn collided on the new Knoxville highway at its intersection with Singleton Road. Presley and Murr likewise sued Amburn for their damages. The jury found for all defendants in the three cases. Only Presley and Murr have perfected their appeal to this Court.

There are three Assignments of Error and can be briefly stated as follows:

1. It was error for the trial Court to recharge the jury and refuse to declare a mistrial after the jury reported they were "deadlocked".

2. The recharge in answer to the jury's query was erroneous.

3. The Court erred in refusing to reinstruct the jury, on the recharge, the doctrines of remote negligence and last clear chance.

It has been admitted in argument and in the Briefs filed in this cause that the trial Court, in its initial jury charge, properly charged the law applicable to the facts of the case, including the doctrine of negligence, contributory negligence, remote negligence, or remote contributory negligence, and last clear chance. Therefore, we are concerned only with the propriety of the trial Court's actions subsequent to the initial charge.

A decision of this case does not require a detailed review of the facts. For our purposes, it will be sufficient to say that Amburn was driving southwardly on the new Knoxville highway. Presley was driving in a westwardly direction on Singleton Road. At the intersection of the two roads, there is a stop sign controlling vehicular traffic on Singleton. Presley attempted to cross the Knoxville highway and was struck by the Amburn vehicle in the western-most lane of the Knoxville highway. We can close the description of facts by stating that the doctrines before enumerated and contained in the Court's initial charge were applicable to the facts.

The record reveals that the case was given to the jury at 4:46 p.m. At 9:00 p.m. of the same day, the trial Judge summoned the jury for the purpose of excusing them until the next morning. After instructing the jury to go home and get a good night's rest, a juror stated that, prior to being summoned by the Judge, the jury was in agreement that they were deadlocked. The Court stated that it would have something further to say about that in the morning and excused the jurors until the following morning.

At 9:00 a.m. the following morning, the trial Judge summoned the jury together and delivered to the jury, what is termed in the locale where the writer of this Opinion was privileged to practice law, the "Dynamite" charge. When delivered to a seemingly deadlocked jury, the name of the charge is indicative of its purpose. In some circles, this charge is also termed the "Allen" charge, deriving that name from Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed 528 (1896), where it was first approved by the United States Supreme Court; but, by whatever name it may be called in a given locale, it has been approved by the Tennessee Supreme Court in Simmons v. State, 198 Tenn. 587, 281 S.W.2d 487. After giving this additional charge, the Court sent the jurors to the juryroom for further deliberation. At this point, counsel for appellants moved the Court to declare a mistrial, arguing that the previous evening a juror stated that the jury had agreed that they couldn't agree. No objection has been made to the contents of the additional charge, but to the fact that it was given instead of declaring a mistrial. The motion was overruled and the first Assignment assails this action of the Court.

When jurors report as deadlocked, the trial Judge has wide discretion concerning declaring a mistrial, Claiborne v. Solomon, 187 Tenn. 634, 216 S.W.2d 339; and we do not consider the action of the trial Judge, in asking the jurors after four hours and fourteen minutes of deliberation to again try to reach a decision, an abuse of his discretion. Therefore, the first Assignment is respectfully overruled.

Approximately one hour after the Court had submitted the aforedescribed additional charge, the jury submitted in writing, the following question to the Court:

"If the jury feel both parties are guilty of negligence, but one to a greater degree than the other, must a damage be granted to the party of lesser degree of negligence?"

The Court then again summoned the jurors, repeated the question aloud and stated as follows:

"Now, ladies and gentlemen of the jury, contributory negligence on the part of a plaintiff or a cross-plaintiff is a bar to the right of recovery. There is one exception to that rule, and that is that where one is guilty of gross negligence as a defendant, which term I have heretofore described to you, then contributory negligence of a plaintiff or cross-plaintiff is not a defense. In this state we have no comparative negligence law. If both drivers were guilty of negligence which proximately contributed to the cause of this accident, and you have not found gross negligence, if you have reached that point in your deliberations, then the proper action would be to dismiss all of the suits."

The record reflects that at this time counsel for appellants requested the Court to recharge the jury on remote negligence and the last clear chance doctrine. The Court denied the request. The jury retired and shortly thereafter returned with the complained of verdict.

The appellants argue that they were much aggrieved by the Court's answer to the jury's query and the refusal of the trial Judge to recharge on remote negligence and the doctrine of last clear chance. However, the argument as to aggrievement presupposes that, in their question, the jury considered the appellants as "the party of lesser degree of negligence". We cannot so easily make this supposition. However, the real question determinative of the second and third Assignments of Error is whether or not the trial judge misinstructed the jury or if the additional instructions tended to mislead them.

At this point, it must be remembered that no complaint is made regarding the initial charge of the Court, and we agree with counsel that the initial charge was full and complete. This being so, it is presumed that the jury followed the Court's proper initial instructions, Memphis Street Ry. Co. v. Cooper, 203 Tenn. 425, 313 S.W.2d 444, and found that "both parties are guilty of negligence" as expressed in their question to the Court. They had been fully instructed regarding the effects of negligence, contributory negligence, remote negligence, or remote contributory negligence, and the doctrine of last clear chance, and had arrived at the conclusion of dual negligence. They had not been instructed as to the doctrine of comparative negligence because such doctrine does not exist in this state. We view the jury's query in the same light as the trial Judge, i. e., in regard to "com-

parative negligence'' and whether the jury was bound to find for the least negligent. The trial judge correctly advised the jury that in this state there is no comparative negligence law. Further, we are of the opinion that the trial judge correctly stated the law of this state when he advised the jury that if both parties are guilty of proximate negligence, absent gross negligence (which terms had been previously fully explained to the jury), neither can recover. The Court's additional charge, heretofore quoted, must be reviewed in light of the previous charges, and their sum total equals the complete charge. Marion Const. Co. v. Steepleton, 14 Tenn.App. 127. In so reviewing the entire charge, we find no error or manifest unfairness.

■ Appellants argue that even if there be no reversible error in the verbiage of the additional charge, its effect, without recharging as to remote negligence and last clear chance, tended to mislead the jury. We cannot agree with able counsel for appellants. In the case of Swaggerty v. Caton, 48 Tenn. 199 (1870), the jury reported they were in disagreement and, without any request from the jury, the Court repeated portions of the charge. Commenting on the trial Court's action, the Supreme Court stated that, without a request from the jury for a particular part of a charge upon an indicated subject,

> ''* * * it is error in the Court to repeat or re-charge disjointed portions of his charge; in such instance, a jury very well may, and we think always will conclude, that the Court means to have them understand that the matter or question, thus disjointedly charged upon, is controlling in the case, and will find accordingly.''

We are of the opinion that to recharge the jury, as requested by appellants, would have been the action most likely to confuse or mislead the jury.

Further, in the case of Benson v. Fowler, 43 Tenn.App. 147, 306 S.W.2d 49, this Section of the Court of Appeals was called upon to reverse the trial Court "* * * because the trial judge, in recharging the jury as requested by it after the jury had been excused over night, did not repeat his charge verbatim and in full." We refused to sustain the Assignment with the following statement:

"Certainly we cannot say, as is required for a reversal, by Section 27-117, Tenn.Code Ann., that the failure of the trial judge to repeat his charge as given the previous day, verbatim et literatim, necessarily caused the jury to return a different verdict from that which it would otherwise have returned."

The foregoing quotation is applicable to the case at bar.

Therefore, the remaining Assignments of Error are overruled and the action of the trial Court is affirmed at appellants' cost.

Carney, P.J., and Matherne, J., concur.