Carolyn ARNOLD et al.

v.

Bobbie J. McADAMS and Rudy McAdams.

Court of Appeals of Tennessee,
Eastern Section.

Nov. 15, 1972.

Certiorari Denied by Supreme Court
Feb. 5, 1973.

Hicks, Arnold & Haynes, Johnson City, for appellants, Carolyn Arnold, Richard Arnold, and Richard Arnold.

Mitchell & Pectol, Johnson City, for appellees, Bobbie J. McAdams and Rudy McAdams.

## OPINION

COOPER, Presiding Judge.

Carolyn Arnold and Richard Arnold, Jr., by next friend, sued Bobbie J. McAdams and Rudy McAdams to recover damages for personal injuries sustained in an automobile accident. Richard Arnold also filed suit to recover for loss of his wife's services, the medical expenses incurred in providing his wife and son with necessary medical treatment, and the damage to his automobile.

On trial, the jury returned verdicts for the defendants in each of the cases. Ac-cordingly, judgments were entered dismissing the suits.

On the overruling of their motions for new trial, the plaintiffs appealed in error insisting, in substance, that the evidence preponderates against the verdicts, the verdicts are contrary to the law and the evidence, and that the instructions given by the trial judge in responding to an inquiry from the jury were erroneous and prejudicial.

The assignments of error that the verdict is against the evidence, and that the verdicts are contrary to the law and evidence present no question for review by this court. Hellon v. Trotwood Apartments, Inc., Tenn.App., 460 S.W.2d 372, and cases there cited.

This leaves us with only the questions: Were the instructions given the jury erroneous? If so, were the instructions prejudicial?

The automobile accident giving rise to these suits occurred at about 10:00 A.M. on October 10, 1970, at the intersection of West Market Street and Colonial Way in Johnson City, Tennessee. Each street is a one-way street, with two lanes for vehicular traffic and two parking lanes. Traffic moving through the intersection of the two streets is controlled by an overhead electrically operated signal.

Carolyn Arnold, driving her husband's automobile west on West Market Street, proceeded into the intersection in the left traffic lane. As the Arnold car cleared the intersection, it was struck at the left rear door by the McAdams automobile which was turning from the left traffic lane on Colonial Way onto West Market Street. After impact between the two automobiles, the Arnold automobile travelled a few feet and collided with a telephone pole on the left side of West Market Street. Both Mrs. Arnold and her seven-year-old son, the plaintiff, Richard Arnold, Jr., sustained personal injuries, permanent

in nature, which required medical treatment.

In testifying, each driver claimed she entered the intersection on a green light. There is also evidence in the record, if accepted by the jury, which would justify the jury finding the driver with the right-of-way, whichever driver it might be, was guilty of negligence in failing to keep a lookout for other vehicular traffic.

The trial judge, on submission of the cases for decision, gave the jury comprehensive and correct instructions on the issues raised by the pleadings and evidence, including instructions on credibility of witnesses, burden of proof, negligence, proximate cause, contributory negligence and remote negligence.

In the course of their deliberations, the jurors returned to the courtroom and the following colloquy occurred:

"THE COURT: Are you the foreman, Sir?

THE FOREMAN: Yes, Sir.

THE COURT: I understand you want to ask the Court some question concerning the matter, is that correct?

THE FOREMAN: Yes, Your Honor, we do. We would like to know if we find negligence on both sides, what would the ruling have to be?

THE COURT: The end result would be —I believe I charged you, Ladies and Gentlemen, that if the evidence preponderates in favor of the defendant, then your verdict, of course, would be for the defendant. If there is no preponderance of the evidence, that is, either for the plaintiff or for the defendant, which would be what you are asking, then your verdict would have to be for the defendant in that case. Of course if it preponderates in favor of the Plaintiff, why then of course your verdict would be for the plaintiff and you would go one step further and assess the damages, but if you find

negligence on the part of both parties, the plaintiff having the burden of proof, of course, would fail, and your verdict would have to be for the defendant. Does that answer your question?

THE FOREMAN: Yes."

Remarks of the trial judge made outside the presence of the jury reveal that, in answering the jury's question, he assumed the jury meant "proximate negligence" when they asked what their ruling would have to be if they found negligence on both sides.

We find no indication in the record that the jury's question was to the effect of a finding of "proximate negligence" of both parties, nor was the answer of the trial judge so limited. Without such an indication, a correct answer to the jury's question would have had to include an instruction on proximate cause and the effect of proximate contributory negligence and remote contributory negligence.

■ Further, the answer given by the trial judge makes no distinction between the claims of Mr. and Mrs. Arnold and that of their seven-year-old son. Without a distinction being drawn between the claims, the effect of the trial judge's answer was to attribute negligence of Mrs. Arnold to her son so as to bar his recovery. This was error.

■ Defendants take the position in their brief that the jurors could not have been misled by the answer of the trial judge in view of the comprehensive and correct instructions given the jury on submission of the cases for decision. We are not persuaded by defendant's argument, but would point out that, after considering the court's general charge and the evidence, the jury asked the court a specific question and received a direct unconditional answer from the trial judge. Common sense dictates that the latter instruction would have a greater impact and outweigh general instructions given at an earlier time.

The judgments are reversed, and the cases are remanded for a new trial. Costs of the appeal are adjudged against the defendants, Bobbie J. McAdams and Rudy McAdams.

PARROTT, and SANDERS, JJ., concur.