Marvin H. BERRY and wife, Sherry Elaine Berry, Natural Parents and Next Friend of Craig Alan Berry, Deceased, Plaintiffs-Appellants,

v.

Carol A. CONOVER, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section at Jackson.

April 9, 1984.

Permission to Appeal Denied by Supreme Court July 2, 1984.

Albert Merkel, Michael Tabor and Lloyd Utley, Jackson, for plaintiffs-appellants.

Lloyd Adams, Jr. and Cheryl Rumage, Memphis, for defendant-appellee.

HIGHERS, Judge.

This is an appeal by the plaintiffs from a jury verdict in favor of the defendant.

The plaintiffs, Marvin H. Berry and Sherry Elaine Berry, brought suit after their twelve-year old son was killed while standing in front of a stalled car which was struck from the rear by the vehicle of the defendant. The decedent and his uncle, Richard Casey, who owned the stalled car, were attempting to push it from the highway onto an intersecting dirt road when the accident occurred. The plaintiffs alleged negligence on the part of the defendant and the defendant answered, alleging contributory negligence and the intervening negligence of the third-party, Richard Casey.

The plaintiffs-appellants raise four issues for review:

(1) Whether the trial court erred in the manner in which he repeated certain instructions to the jury; (2) whether there was material evidence to support the jury verdict for the defendant; (3) whether the trial court erred in not granting the plaintiffs' motion for a directed verdict at the close of the proof; and (4) whether the trial court erred in not declaring a mistrial when the jury returned a verdict that "defendant was no more or less than fifty-percent negligent."

■ We find the last three issues to be without merit. Evidence was offered at trial from which the jury could have concluded that the decedent was capable of understanding the danger which he confronted. Where there is material evidence to support the jury verdict, we must affirm. *D.M. Rose & Company v. Snyder*, 185 Tenn. 499, 206 S.W.2d 897 (Tenn.1947); *Truan v. Smith*, 578 S.W.2d 73 (Tenn. 1979). Further, a directed verdict may be granted only when reasonable minds could draw but one conclusion from the evidence. *McCormick v. Waters*, 594 S.W.2d 385 (Tenn.1980). It is further alleged that the trial court should have declared a mistrial when the jury returned with their first, unacceptable verdict. We note, first, that no motion for a mistrial was made at that time, and second, that the trial court has wide discretion in determining whether a mistrial should be declared. *Holmes v. American Bakeries Co.*, 62 Tenn.App. 601, 466 S.W.2d 502 (Tenn.App.1970). We find no abuse of discretion by the trial court in not declaring a mistrial, but in choosing instead to re-instruct the jury and to send them back for further deliberations.

The first issue raised by the appellants alleges that the trial court erred in refusing to re-instruct the jury on the standard of care of a minor. The trial court instructed the jury in this case at the conclusion of the evidence and argument by counsel with reference to the applicable law, including negligence, contributory negligence, remote contributory negligence, and the standard of care of a minor and the presumptions relating to minors. No question has been raised concerning these initial instructions. After the jury had deliberated for approximately three hours, the foreman announced: "The verdict of the jury is that the defendant is no more and no less than fifty-percent negligent in this accident." Finding this verdict unacceptable, the trial court re-instructed

the jury, among other things, on burden of proof, preponderance of the evidence, proximate cause, negligence, contributory negligence, remote contributory negligence and damages. When counsel for the plaintiff requested the court to re-instruct on the standard of care of a minor, the court refused, saying, "They're not hung up on that." The jury subsequently returned a verdict for the defendant.

In discussing this issue, we believe it is helpful to review the Tennessee cases relating to jury re-instruction.

In *Swaggerty v. Caton*, 48 Tenn. 199 (Tenn.1870), after the jury retired and returned to the court, it reported that it was in disagreement. The court repeated a portion of the charge and the jury retired again. Still undecided, the jury returned a second time and said they could not agree "and the Court, without being called upon, again repeated portions of his charge." 48 Tenn. at 202. Upon these facts, the Supreme Court pointed out:

> It is well enough, when a jury asks for a particular part of a charge upon an indicated subject, for the Court to repeat that part substantially as given. But when a jury merely disagrees as to the result, after weighing the testimony and considering the charge, it is error in the Court to repeat or recharge disjointed portions of his charge; in such instance, a jury very well may, and we think always will conclude, that the Court means to have them understand that the matter or question, thus disjointedly charged upon, is controlling the case, and will find accordingly.

48 Tenn. at 202.

In a subsequent case, the Supreme Court stated that "[i]t was error to recall the jury and repeat to it a portion of the charge, the jury not asking and the defendant objecting to it. This case falls strictly within the rule in *Swaggerty v. Caton*, 1 Heis., 202." *Granberry v. Frierson*, 61 Tenn. 326, 327 (Tenn.1872). In other cases citing *Swaggerty*, it was held that a trial court may refuse to call the jury back for special instructions requested by a party in the cause, *Hemmer v. Tennessee Electric Power Co.*, 24 Tenn.App. 42, 139 S.W.2d 698 (Tenn.App.1940), and that a judge may repeat an instruction upon a jury's request. *Tallent v. Fox*, 24 Tenn.App. 96, 141 S.W.2d 485 (Tenn.App.1940).

Both the *Swaggerty* and the *Granberry* decisions were distinguished from the situation in which at least one juror asked that a particular portion of the charge be repeated and in which the trial court at the request of counsel also repeated another portion of the charge at the same time. *Oliver v. Smith*, 62 Tenn.App. 705, 467 S.W.2d 799 (Tenn.App.1971). In *Oliver*, the Court of Appeals stated that to repeat both charges was the duty of the trial court and cited 89 C.J.S. *Trial* § 476, which states:

> The court may re-read the instructions to the jury either at their request, or on its own motion, and it may, in answer to a question of whether an instruction of a certain tenor has been given, state that it has. Any reasonable request by the jury relating to the re-reading of instructions on a topic which is doubtful in the minds of the jury should not be willfully disregarded by the court. Where the jury return a verdict not authorized by the instructions, re-reading of the instructions by the court preliminary to sending the jury out to return another verdict is not improper.

467 S.W.2d at 804–805.

In *Marion Construction Co. v. Steepleton*, 14 Tenn.App. 127 (Tenn.App.1931), the court held that when recalling the jury to give them an additional instruction, so long as the court referred to the initial, general charge in such a way that the jury understood that the additional charge was to be read in connection with the general charge, there would be no error. In *Donahue v. George*, 46 Tenn.App. 320, 329 S.W.2d 836 (Tenn.App.1959), the appellant argued for a new trial on the ground that the trial court did not repeat an instruction on remote contributory negligence when the jury returned to ask a question concerning the violation of traffic laws. The court did

indeed charge the jury on remote contributory negligence but not until the jury returned a second time when it asked about contributory negligence. The Court of Appeals found no error upon these facts.

In *Benson v. Fowler*, 43 Tenn.App. 147, 306 S.W.2d 49 (Tenn.App.1957), objection was made to the judge's repeating a charge on contributory negligence because of the prejudicial overemphasis the charge was given. The assignment of error on this matter, however, was dismissed because whenever the charge was repeated it was made in a larger context so that the court concluded "such charges with reference to contributory negligence constituted proper qualifications of what had been said with reference to plaintiff's right of recovery on account of negligence, if any, of the defendants." 306 S.W.2d at 62. The charge was requested first in a special instruction and then upon the jury's request. In *Wilson v. Pendergraph*, 53 Tenn.App. 489, 384 S.W.2d 57 (Tenn.App.1964), and in *Powell v. Hartford Accident and Indemnity Co.*, 217 Tenn. 503, 398 S.W.2d 727 (Tenn.1966), the limited re-instruction of the jury was permitted upon a specific request from the jury.

In *Presley v. Amburn*, 62 Tenn.App. 261, 461 S.W.2d 956 (Tenn.App.1970), once the jury reported a deadlock, the trial court delivered to the jury a "dynamite" or "Allen" charge. After an hour of further deliberations, the jury asked in writing: "If the jury feel both parties are guilty of negligence, but one to a greater degree than the other, must a damage be granted to the party of lesser degree of negligence?" The trial court then re-instructed the jury on contributory negligence, but not on remote negligence or the doctrine of last clear chance. In an opinion written by Judge Nearn, the issue was said to be "whether or not the trial judge misinstructed the jury or if the additional instructions tended to mislead them." 461 S.W.2d at 958. The Court of Appeals held that the jury was not misinstructed because, by its question, the jury showed that it had found that "both parties are guilty of negligence," and because additional charges to

the jury "must be reviewed in light of the previous charges, and their sum total equals the complete charge." 461 S.W.2d at 958, citing *Marion Construction Co. v. Steepleton, supra*. The Court of Appeals further held that the additional instructions did not tend to mislead the jury because, as pointed out in *Swaggerty*, "without a request from the jury for a particular part of a charge upon an indicated subject, '... it is error in the Court to repeat or re-charge disjointed portions of his charge.'" 461 S.W.2d at 959. The Court of Appeals found that to re-instruct the jury on the subjects requested by appellants, rather than clarifying the matter, "would have been the action most likely to confuse or mislead the jury." 461 S.W.2d at 959.

In *Arnold v. McAdams*, 492 S.W.2d 224 (Tenn.App.1972), the foreman asked what the jury must do if both sides were found to be negligent. The trial court then re-instructed the jury that "if you find negligence on the part of both parties, the plaintiff having the burden of proof, of course, would fail, and your verdict would have to be for the defendant." 492 S.W.2d at 226. The trial court outside the hearing of the jury indicated that he assumed the jury's question was concerned with "proximate negligence." The Court of Appeals, however, found "no indication in the record that the jury's question was to the effect of a finding of 'proximate negligence' of both parties." 492 S.W.2d at 226. The re-instruction was therefore held to be incorrect. The Court of Appeals also found no merit in the argument that the jury could not have been misled by the re-instruction in view of the initial, comprehensive instructions to the jury. The Court of Appeals stated that "[c]ommon sense dictates that the latter instruction would have a greater impact and outweigh general instructions given at an earlier time." 492 S.W.2d at 226.

It would appear from the cases that when a jury is undecided any re-instructions must be fairly broad so as not to sway the jury by their repetition. It is also error for the court "to have reread only

one instruction when the reading of another instruction is also necessary completely to present to the jury the law covering the matter as to which they are in doubt." 89 C.J.S. *Trial* § 476.

■ From the cases which we have reviewed, it is apparent that repeated instructions must be (1) appropriately indicated by questions or statements from jurors, or from the circumstances surrounding the deliberative and decisional process, (2) comprehensively fair to all parties, and (3) not unduly emphatic upon certain portions of the law to the exclusion of other parts equally applicable to the area of jury misunderstanding or confusion.

In the case at bar, the jury did not request the re-reading of a specific instruction, nor did it ask any questions, but its initial verdict was unacceptable and indicated a state of confusion among the members of the jury. In such circumstances, it was not improper to re-read certain portions of the instructions, taking into consideration all areas of potential concern to the jurors. There was, however, a particularly heavy burden upon the trial court in this situation to give comprehensive re-instructions to the jury, especially in light of the fact that the jury did not specify the precise points of misapprehension.

The crucial question to be resolved in this case, if the jury found the defendant guilty of proximate negligence, would be whether the decedent was guilty of contributory negligence. In order to find whether the decedent was guilty of contributory negligence, it was essential to know the standard of care imposed upon the decedent and to understand that a twelve-year old minor is not held to the same degree of care as an adult. Without consideration of the standard of care for a minor, along with the definition of negligence, contributory negligence, and remote contributory negligence, a jury would have no clear benchmark from which to find whether any act fell below that level and thereby constituted such negligence as was defined to them.

■ When the trial court undertook to re-instruct the jury, and to seek to correct the unacceptable verdict which had been returned, he took on the corresponding responsibility to present a balanced restatement of the law, without its being "weighted" or selective either one way or the other. It is not known whether the jury found the defendant to be fifty-percent negligent, the third-party, Richard Casey, to be forty-five-percent negligent, and the twelve-year old decedent to be five-percent negligent, or otherwise; but more importantly, it is not known by what standard the jury measured the negligence of the minor. The jury is presumed to have followed the instructions of the court; but where the jury did not have a clear comprehension of the original instructions, and the court omitted a vital element of the applicable law in re-instructing the jury, we are of the opinion that the error is so grave as to require a new trial.

The judgment of the trial court is accordingly reversed, and the matter is remanded for a new trial. Costs are adjudged against the defendant-appellee.

TOMLIN and CRAWFORD, JJ., concur.