IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2022 Session

**STATE OF TENNESSEE v. RICHARD WILLIAM PHILLIPS**

**Appeal from the Circuit Court for Cocke County**
**No. 6981     Carter Scott Moore, Judge**

**No. E2021-01070-CCA-R3-CD**

FILED

DEC 1 5 2022

Clerk of the Appellate Courts
Rec'd by _K6DOUal_

A Cocke County jury found Defendant, Richard William Phillips, guilty of aggravated statutory rape. On appeal, he contends that the trial court erroneously "set[] a one-hour deadline for the jury to continue deliberations" and gave supplemental jury instructions after the jury foreperson indicated that the jury was deadlocked. Defendant claims that the trial court's remarks had a coercive effect on the jury's decision-making. After a thorough review of the record, arguments of counsel, and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., P.J., and JOHN W. CAMPBELL, SR., J., joined.

Mitchell A. Raines, Assistant Public Defender, Tennessee District Public Defenders Conference, Appellate Division (on appeal); and Keith E. Haas, Assistant Public Defender, Newport, Tennessee (at trial), for the appellant, Richard William Phillips.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Jimmy Dunn, District Attorney General; and S. Joanne Sheldon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Cocke County Grand Jury indicted Defendant for two counts of aggravated statutory rape on April 25, 2016. Prior to trial, the State appears to have entered a nolle

prosequi on the second count of aggravated statutory rape.[1] The matter proceeded to trial on February 7, 2019. At the conclusion of the proof, the trial court gave the following *Kersey*[2] instruction as part of its main charge to the jury:

> The verdict must represent the considered judgment of each juror. In order to return a verdict it is necessary that each juror agree thereto. Your verdict must be unanimous.
>
> It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it's erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The jury began its deliberation around 1:30 p.m. Approximately two hours later, the jury submitted a note to the trial court indicating it was deadlocked. The trial court recalled the jury to the courtroom. The trial court reread the *Kersey* instruction. The trial court asked the jury foreperson whether he thought the jury would be able to reach a verdict. The jury foreperson said "no," and the trial court replied:

> Okay. Very well. Nevertheless, though, we've spent two days on this. This is very important business. And if you can't agree, you can't agree. But some juries sit a whole lot longer than I'm going to make you sit, but I am going to make you all discuss this for one more hour. I'm not going to go any farther than that, but I want you all to think about this for one more hour, talk about it if you can, and then you can report back then.

The jury continued its deliberation. Approximately one hour later, it found Defendant guilty of aggravated statutory rape.

---

[1] The record does not contain information relating to the nolle prosequi on the second count of aggravated statutory rape. However, the trial court only referred to one count of aggravated statutory rape at trial, and the judgment form for the second count of aggravated statutory rape reflects the entry of nolle prosequi.

[2] In *Kersey v. State*, 525 S.W.2d 139 (Tenn. 1975), our supreme court rejected the 'dynamite' charge espoused in *Simmons v. State*, 281 S.W.2d 487 (Tenn. 1955), and modeled Tennessee Pattern Jury Instruction 15.22 after the American Bar Association Guidelines. *See Johnson v. Hardin*, 926 S.W.2d 236, 242 (Tenn. 1996). The instruction is commonly referred to as a *Kersey* instruction or charge.

The trial court imposed a three-year sentence in confinement at the sentencing hearing. Defendant timely filed a motion to set aside the verdict and a motion for new trial. The trial court held a hearing on the motions on August 17, 2021. The trial court denied both motions in a written order on October 12, 2021. Defendant filed a premature notice of appeal to this Court on September 16, 2021. A "premature notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d). Defendant's appeal is timely.

*Analysis*

Defendant argues the trial court erred when it "set[] a one-hour deadline for the jury to continue deliberations" and made an additional instruction to the jury after rereading the *Kersey* instruction that effectively coerced the jury into its finding of Defendant's guilt. The State responds that the trial court's instructions to the jury were proper. We agree with the State.

Resolution of issues regarding jury instructions are mixed questions of law and fact. *State v. Smiley*, 38 S.W.3d 521, 524 (Tenn. 2001). Therefore, the standard of review is de novo, with no presumption of correctness. *Id.*

When a jury submits to a trial court that it is deadlocked, the trial court may provide supplemental instructions if it believes "further deliberations might be productive." *Kersey*, 525 S.W.2d at 141. The trial court may repeat the *Kersey* instruction to the deadlocked jury. *Id.* at 145. "However, if a judge's effort to avoid a mistrial 'reaches the point [that] a single juror may be coerced into surrendering views conscientiously entertained, the jury's province is invaded and the requirement of unanimity is diluted." *Hardin*, 926 S.W.2d at 242 (quoting *Kersey*, 525 S.W.2d at 144). The trial court should not pressure "the minority [jurors] to yield to the majority" or "urge such jurors to reevaluate or to cede his or her views to those of the majority." *State v. Baxter*, 938 S.W.2d 697, 704 (Tenn. Crim. App. 1996). A trial court's supplemental instructions must be:

> (1) appropriately indicated by questions or statements from jurors, or from the circumstances surrounding the deliberative and decisional process, (2) comprehensively fair to all parties, and (3) not unduly emphatic upon certain portions of the law to the exclusion of other parts equally applicable to the area of jury misunderstanding or confusion.

*Berry v. Conover*, 673 S.W.2d 541, 545 (Tenn. Ct. App. 1984).

- 3 -

Here, when the jury returned to the courtroom after indicating that it was deadlocked, the trial court repeated the *Kersey* instruction. While the jury foreperson stated that he did not believe the jury could reach a verdict, it was the trial court's prerogative to provide additional instructions, believing the additional instructions might assist the jury in reaching a verdict. The trial court briefly mentioned the length and importance of the trial, all information the jury had previously been told by the parties and the court. No new information was imparted to the jury by the trial court's comments. Significantly, the trial court followed its comment with, "if you can't agree, you can't agree." The court only requested the jury to *deliberate* for one additional hour, it did not impose a deadline in which the jury was required to render a verdict. The court did not direct its comments at the minority, nor did it urge the minority to cede its views to the majority. *Baxter*, 938 S.W.2d at 704. While trial courts should be careful to avoid referencing the time, effort, and money spent on a trial, here the court's remarks were minimal, and we do not believe they had a coercive effect on the jury's finding of guilt. *Hardin*, 926 S.W.2d at 242. Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, the judgment of the trial court is affirmed.

TIMOTHY L. EASTER, JUDGE