IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 23, 2004 Session

## MELANIE SUE GIBSON v. ERNESTINE W. FRANCIS

**Appeal from the Circuit Court for Sevier County**
**No. 99-905-II     Richard R. Vance, Judge**

_____

**No. E2003-02226-COA-R3-CV - FILED JUNE 30, 2004**

_____

This tort action arises out of a two-vehicle accident. At trial, the defendant Ernestine W. Francis admitted liability. The jury returned a verdict in favor of the plaintiff Melanie Sue Gibson for property damage in the amount of $6,900; however, the jury declined to award her any damages on her claim for personal injuries. On appeal, the plaintiff argues that the trial court did not properly perform its role as thirteenth juror; that the verdict is contrary to the weight of the evidence; and that the trial court erred when it re-instructed the jury in response to a question from that body. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J, delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and WILLIAM H. INMAN, SR. J., joined.

H. Douglas Nichol and Harold C. Wimberly, Knoxville, Tennessee, for the appellant, Melanie Sue Gibson.

John T. Johnson, Jr. and Deborah E. Johnson, Knoxville, Tennessee, for the appellee, Ernestine W. Francis.

**OPINION**

I.

On October 7, 1999, the plaintiff filed a complaint for damages resulting from the subject automobile accident. As noted above, the defendant admitted liability, and the case proceeded to trial solely on the issue of the damages to which the plaintiff was entitled. The primary focus of the plaintiff's claim for personal injuries was with respect to pain in her low and mid back.

At trial, the plaintiff testified on her own behalf. She also presented the testimony of the following persons: her treating physician, her physical therapist, a vocational rehabilitation expert, and a personal friend. The defendant rested at the conclusion of the plaintiff's proof without putting on any proof. After the jury was charged, it retired to deliberate. It later returned into open court with the following written question: "Does the law require or state with any specificity with respect to medical evidence in personal injury cases, i.e., does the burden of proof require medical evidence, or can injury be found on the basis of subjective evidence only?" In response, the trial court re-instructed the jury on the plaintiff's burden of proving each element of her claim by a preponderance of the evidence.

As previously noted, the jury returned a $6,900 verdict for the damage to the plaintiff's automobile, but declined to award her any damages on her claim for personal injuries. The trial court approved the jury verdict. The plaintiff appeals, raising the following two issues which we quote from her brief:

> 1. Whether the trial [court] erred in [its] role as thirteenth juror by determining that the jury's verdict was not contrary to the weight of the evidence.

> 2. Whether the trial court erred in recharging the jury only on the preponderance of the evidence charge and failed to either completely recharge the jury or to answer specifically that subjective medical evidence was sufficient to satisfy the Plaintiff's burden of proof.

II.

Our standard of review of a jury verdict is well-settled. The Supreme Court has addressed it as follows:

> Rule 13(d) of the Tennessee Rules of Appellate Procedure provides that "[f]indings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." As this Court stated in the recent case of **Hodges v. S.C. Toof & Co.,** "It is well established that when reviewing a judgment based on a jury verdict, appellate courts are limited to determining whether there is material evidence to support the verdict." 833 S.W.2d at 898.

> > It is the time honored rule in this State that in reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; and in

determining whether there is material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury.

*Forrester v. Stockstill*, 869 S.W.2d 328, 329-330 (Tenn. 1994) *(*quoting *Crabtree Masonry Co. v. C. & R. Constr., Inc.,* 575 S.W.2d 4, 5 (Tenn. 1978)).

In performing its role as the thirteenth juror, a trial court must weigh the evidence to determine if the court is independently satisfied with the jury's verdict. *Ridings v. Norfolk Southern Ry. Co.,* 894 S.W.2d 281, 288 (Tenn. Ct. App. 1994). Where the trial court simply approves the jury's verdict without further comment, we presume the court adequately performed its function as thirteenth juror. *Id.* at 289; *see also Davidson v. Lindsey*, 104 S.W.3d 483, 488 (Tenn. 2003). When a trial court approves a jury verdict, the issue for the appellate court becomes that as stated in the *Forrester* and *Crabtree* cases.

III.

Applying our standard of review as noted above, we find no merit in the plaintiff's contention that the trial court improperly performed its duty to independently weigh the evidence as thirteenth juror. The trial court's sole comment in this regard was as follows: "[i]n accordance with the verdict of this jury, I'll approve that verdict and enter judgment in behalf of the Plaintiff against the Defendant in the amount of $6,900, together with the costs of the cause." Accordingly, we presume that the trial court properly discharged its duty as thirteenth juror. *See Ridings*, 894 S.W.2d at 289. This is a complete answer to this particular issue.

Although the plaintiff recognizes and cites the material evidence standard, the substance of her argument is encapsulated in the following quote from her brief: "the material evidence in this case clearly preponderates against a zero verdict for bodily injury." We must decline the plaintiff's invitation to re-weigh the evidence. Instead, we must review the record to determine if there is any material evidence to support the jury's verdict.

The plaintiff alleged and complained of pain in her low and mid back. Her subjective complaints were at the crux of her allegation that she sustained personal injuries in the accident. At trial, the plaintiff introduced the deposition testimony of her treating physician, Dr. Christopher Sawyer. After the accident, the plaintiff did not go to the emergency room but visited Dr. Sawyer later that day. Dr. Sawyer testified that his diagnosis subsequent to the accident was a "mild thoracic

back strain." Dr. Sawyer testified as follows on cross-examination regarding his diagnosis and his decision to refer the plaintiff to an orthopedic doctor:

> Q: A strain, is that –
>
> A: Well, before we get into semantics here, she was having back pain. A lot of people, using the term sprain and strain and all that kind of stuff is kind of nonspecific anymore. She was having back pain.
>
> Q: Okay.
>
> A: We call it back pain.
>
> Q: Can you sprain your neck and back like you do an ankle?
>
> A: Sure. But it's not all that simple either. There can be multiple causes of back–at that period of time, that's kind of a generic term is what I'm getting at.
>
> Q: You used – I mean basically speaking, she had back pain?
>
> A: Yes, that's correct.
>
> Q: So far as now, has any physician ordered an MRI?
>
> A: Not that I'm aware of. But, again, that's why I sent her to an orthopedist to get an opinion. She had seen somebody that knew her back, that had X-rays on her back up to that point in time, and that would be – that would be their call.
>
> Q: And you sent her to Knoxville Orthopedic Clinic because you valued their judgment?
>
> A: Absolutely.
>
> *   *   *
>
> Q: And did you receive Dr. Johnson's report?
>
> A: Yes, I did.
>
> *   *   *

Q: The physical examination, is that the section of the report where the doctor talks about the actual physical examination and his findings upon the exam?

A: Yes.

Q: And in the physical examination of Ms. Gibson did he note that she did not appear to be in any distress when he examined her?

A: That's correct.

Q: Did he note that she moved on and off the exam table with ease?

A: Sure.

Q: Of course, he noted that she had scoliosis, correct?

A: Uh-huh.

Q: That was before the accident. Did he say that she had normal coronal and sagittal plane balance? And then my next question is going to be what does that mean.

A: That means that in this plane and this plane (indicating) she had normal balance. That's an anterior and posterior and from side-to-side.

Q: Did Dr. Johnson note that Ms. Gibson could flex and extend normally without pain?

A: That's what his note says.

Q: Did he indicate that he could not detect any dysrhythmia?

A: That's what it says.

Q: Did he say that she had no tenderness to palpation or percussion of her lumbar spine?

A: That's correct.

Q: That's her low back, right?

A: That's her back.

Q: He said she was not even tender to touching and feeling, correct?

A: Correct.

* * *

Q: And from what you see in reading Dr. Johnson's report in here, do you see where Dr. Johnson found anything objectively abnormal, other than the scoliosis?

A: No. But at the same time, and I understand your point on all this, his impression still was persistent intermittent low back pain, intermittent being the key word there. It may not have hurt that very second she was in the office and she didn't have tender places to palpate. At the same time, she was having intermittent low back pain, yes.

Q: Based on what she told him?

A: That's correct.

Q: Now, he did have her do or it appears that he had her do a, you know, bending type maneuver to see if she had full range of motion, correct?

A: Correct.

Q: And she had a full range of motion?

A: At that time.

As can be seen, the plaintiff's claim that she suffered personal injuries in the accident was founded on her subjective complaints of pain in her back. The expert testimony in the case with respect to her personal injury claim was based upon her complaints. It was her obligation to prove by a preponderance of the evidence that she suffered personal injuries in the accident. While the defendant did not put on any proof, her counsel did vigorously dispute, by way of cross examination of the plaintiff and her witnesses, that the plaintiff had suffered any personal injuries as a proximate result of the accident. It was the theory of the defendant that the plaintiff was not injured in the accident and that her complaints, if true, were related to a prior automobile accident some eight months before the subject accident or a subsequent accident in February, 2000.

It was the duty and prerogative of the jury to assess the credibility of the witnesses, and the jury was at liberty to either believe or disbelieve the plaintiff's subjective complaints. The jury apparently chose not to believe the plaintiff's testimony regarding her pain, its origin, and/or its effect on her. If the jury disbelieved the plaintiff – and apparently it did – then the plaintiff failed to establish her personal injury claim by a preponderance of the evidence. As a consequence of this, there is material evidence to support the jury's verdict.

IV.

After the trial court had charged the jury and after that body retired to deliberate, the jury submitted the following written question to the trial court: "Does the law require or state with any specificity with respect to medical evidence in personal injury cases, i.e., does the burden of proof require medical evidence, or can injury be found on the basis of subjective evidence only?" The trial court called the jury back to the courtroom and, after a brief discussion with the jury foreperson, re-instructed the jury regarding the plaintiff's burden of proof and the definition of "preponderance of the evidence." On appeal, the plaintiff asserts that the trial court erred by not repeating the entire charge to the jury and in failing to instruct the jury specifically that subjective evidence was sufficient to satisfy the plaintiff's burden of proof.

This court has stated the following regarding appellate review of jury instructions:

> We review the jury charge in its entirety to determine whether the trial judge committed reversible error. *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 446 (Tenn.1992); *In re Estate of Elam,* 738 S.W.2d 169, 174 (Tenn.1987); and *Grissom v. Metropolitan Gov't of Nashville,* 817 S.W.2d 679, 685 (Tenn.App.1991). Jury instructions are not measured against the standard of perfection. *Grissom,* 817 S.W.2d at 685. The charge will not be invalidated if it "fairly defines the legal issues involved in the case and does not mislead the jury." *Otis,* 850 S.W.2d at 446; *Grissom,* 817 S.W.2d at 685. Furthermore, a particular instruction must be considered in the context of the entire charge. *Elam,* 738 S.W.2d at 174.

*City of Johnson City v. Outdoor West, Inc.*, 947 S.W.2d 855, 858 (Tenn. Ct. App.1996). A trial court is permitted to give a limited re-instruction to a jury in response to a question from the jury after it has retired. *Elcan v. Augustine*, C/A No. W1999-01621-COA-R3-CV, 2001 WL 13234, at *6 (Tenn. Ct. App. W.S., filed Jan. 4, 2001); *see also Miller v. Baptist Hospital, Inc.*, 1987 WL 7967 at *3 (Tenn. Ct. App. M.S., filed March 18, 1987); *Presley v. Amburn*, 461 S.W.2d 956, 958 (Tenn. Ct. App. 1970).

The Supreme Court has stated the following regarding jury re-instruction:

> Of course, the only proper response by a trial judge to a question from the jury or an individual juror is to recall the jury, counsel, and parties into open court, hear the question, reinstruct the jury on the portion of the charge that responds to the question, if necessary, and make clear that the repeated instruction should not be considered as emphasis of that portion of the charge.

*Spencer v. A-1 Crane Service, Inc*. 880 S.W.2d 938, 941 (Tenn. 1994). We note that this is the exact procedure followed by the trial court in the instant case. After re-instructing the jury, the trial court inquired: "Now, for the question that you've asked, does that cover it for everyone? Do I need to go further?" The jury foreperson responded by saying twice, "that clears it up." The trial court noted that the other jury members nodded their heads in the affirmative.

In the course of re-instructing the jury, the trial court stated, on three separate occasions, a variation of this admonishment to the jury: "just because I'm not repeating the whole charge doesn't mean that this is any more important than any other charge." We find no abuse of discretion on the part of the trial court in its response to the jury's question.

V.

The judgment of the trial court is affirmed. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs of appeal are taxed to the appellant, Melanie Sue Gibson.

_____

Charles D. Susano, Jr., Judge

-8-